**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4570**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALVIN MICHAEL WASHINGTON, a/k/a Michael Alvin Thomas, a/k/a Michael
Alvin Washington, a/k/a Malik,

Defendant - Appellant.

**No. 17-4575**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALVIN MICHAEL WASHINGTON, a/k/a Michael Alvin Thomas, a/k/a Michael
Alvin Washington, a/k/a Malik,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at
Greensboro.  Catherine C. Eagles, District Judge.  (1:06-cr-00311-CCE-1; 1:16-cr-00012-
CCE-1)

Submitted: March 13, 2018                          Decided: March 21, 2018

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian Michael Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant. Kimberly Furr Davis, Winston-Salem, North Carolina, Michael Francis Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Michael Washington pled guilty, pursuant to a plea agreement, to possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court imposed an upward variant sentence of 99 months' imprisonment for the firearms conviction. The court also revoked the term of supervised release Washington was serving for a prior drug conviction and imposed a concurrent 18-month revocation sentence.[*] Washington appeals both judgments. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the court properly considered Washington's unscored prior convictions when deciding to impose an upward variant sentence for the firearms conviction. Washington has filed a pro se supplemental brief, raising the same issue as counsel and questioning whether his sentence for the firearms conviction is otherwise substantively reasonable and whether the court procedurally erred by failing to give him timely notice that it was considering an upward departure and failing to follow the incremental procedure governing departures under the Sentencing Guidelines. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range" for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural

---

[*] We previously granted the parties' joint motion to remand these cases for resentencing on the ground that the Government breached the plea agreement when it urged the court to impose consecutive sentences.

and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining whether a sentence is procedurally reasonable, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Id.* at 49-51. Only after determining that the sentence is procedurally reasonable do we consider whether the sentence is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

In reviewing a sentence outside the Guidelines range, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). If a court's deviation from the Guidelines range "is a substantial one, we must more carefully scrutinize the reasoning offered by the district court in support of the sentence. The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006) (alteration and internal quotation marks omitted). However, "we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Pauley*, 511 F.3d 468, 473-74 (4th Cir. 2007) (internal quotation marks omitted).

We first conclude that Washington's procedural challenges to his sentence for the firearms conviction are without merit. The district court ultimately did not depart from the

4

Guidelines but varied upward, a decision that does not require advance notice or use of the incremental approach prescribed for departures. *See Irizarry v. United States*, 553 U.S. 708, 713-16 (2008) (explaining that advance notice of upward variance not required by Fed. R. Crim. P. 32(h)). Moreover, counsel confirmed that he did not need additional time to prepare arguments opposing an upward departure or variance.

We next reject Washington's challenges to the substantive reasonableness of his sentence for the firearms conviction. It was not per se unreasonable for the court to consider Washington's stale, unscored convictions. The court also reasonably determined that Washington's criminal history, including his unscored convictions, suggested that an above-Guidelines sentence would serve the goals of deterrence and protecting the public. The court explained that it was not simply that Washington had several unscored convictions but that the lengthy sentences he received both for the unscored and scored convictions had not deterred him from engaging in criminal conduct.

Critically, the court considered more than just Washington's prior unscored convictions. The court also observed that possessing firearms is a serious offense, in line with Washington's prior offenses, and that Washington exercised poor judgment when he placed himself in the vicinity of drugs. The court, however, concluded that a sentence at the statutory maximum (or a sentence as harsh as the Government proposed) was not warranted in light of Washington's success on supervised release, the progress he had made while incarcerated, and the absence of any aggravating factors such as using the firearms. Accordingly, we conclude that the court carefully considered the § 3553(a) factors and reasonably decided that an upward variant sentence was warranted.

In accordance with *Anders*, we have reviewed the entire record in these cases and have found no meritorious grounds for appeal. We therefore affirm the district court's judgments. This court requires that counsel inform Washington, in writing, of his right to petition the Supreme Court of the United States for further review. If Washington requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Washington. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*